F. McClure Wallace, Esq.
Nevada Bar No.: 10264
Patrick R. Millsap, Esq.
Nevada Bar No.: 12043
**WALLACE & MILLSAP**
510 W Plumb Ln., Ste. A
Reno, Nevada 89509
(775) 683-9599
mcclure@wallacemillsap.com
patrick@wallacemillsap.com

Warren Burns (admitted *pro hac vice*)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

Korey A. Nelson (admitted *pro hac vice*)
Amanda Kelvorn (admitted *pro hac vice*)
Natalie Earles (admitted *pro hac vice*)
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
aklevorn@burnscharest.com
nearles@burnscharest.com

Charles D. Gabriel (*pro hac vice*)
**CHALMERS & ADAMS, LLC**
1409 Silverling Way
Raleigh, NC 27613
Telephone: (678) 735-5903
Facisimile: (678)582-8910
cdgabriel@chalmersadams.com

*Counsel for Plaintiff City of Laurel, Mississippi*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**NORTHERN DIVISION**

| | |
|---|---|
| CITY OF LAUREL, MISSISSIPPI, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CINTAS CORPORATION NO. 2<br><br>Defendants. | Case No. 3:21-cv-00124-ART-CLB<br><br>**ORDER GRANTING PRELIMINARY APROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, Plaintiff City of Laurel, Mississippi filed a Complaint and commenced the action entitled *City of Laurel, Mississippi v. Cintas Corporation No. 2*, No. 3:21-cv-00124-ART-CLB (the "Action");

WHEREAS, Plaintiff City of Laurel, Mississippi filed a First Amended Class Action Complaint (ECF No. 36) and subsequently entered into an Agreement with Cintas Corporation No. 2 that, if approved, would settle the Action;

WHEREAS, Plaintiff has moved, under to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action pursuant to the terms and conditions set forth in the Parties' Agreement (the "Motion"); and

WHEREAS, the Court, having considered the Motion, the Agreement together with all exhibits and attachments thereto, the record in the Action, the parties' briefs, and arguments of counsel,

**NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all capitalized terms shall have the same definitions as set forth in the Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") between Defendant Cintas Corporation No. 2 ("Cintas") and Plaintiff City of Laurel, Mississippi (the "City") (collectively, the "Parties").

2. <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including members of the Settlement Class.

3. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court finds that, subject to further consideration at the Final Approval Hearing, the Parties' proposed Settlement Agreement is fair, reasonable, adequate, and within the range of possible final approval considering the possible damages at issue and defenses to overcome. The Court also finds that the Settlement Agreement: (a) is the result of extensive, serious, informed, non-collusive, and arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case; (b) meets all applicable requirements of law, including Rule 23(e) of the Federal Rules of Civil Procedure and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715; (c) is likely to be certified as a class for settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure; and (d) has no obvious deficiencies. Therefore, the Court grants preliminary approval of the Settlement Agreement, including the terms and conditions for settlement and dismissal as set forth therein.

4. <u>Settlement Class</u>. The Settlement Class consists of any Participating Public Agency, including state and local governments, school boards, institutions of higher education, and non-profit organizations, that entered into Local Agreements

with Cintas for products or services that "piggybacked" onto the Harford County Master Agreement or the Prince William County Master Agreement from April 1, 2012 through the date of this Order granting preliminary approval of the Settlement.

5. <u>Class Representative</u>. The Court appoints Plaintiff City of Laurel, Mississippi as Class Representative.

6. <u>Class Counsel</u>. The Court appoints Warren Burns, Korey Nelson, Amanda Klevorn, and Natalie Earles of Burns Charest LLP as Class Counsel.

7. <u>Settlement Administrator</u>. The Court hereby approves Angeion Group, LLC to act as Settlement Administrator. Angeion Group, LLC shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

8. <u>Class Notice</u>. The Court finds that the content, format, and method of disseminating Class Notice as set forth in the Settlement Agreement and documents in support of Plaintiff's Motion is appropriate notice. Accordingly, the Court hereby approves such Class Notice and directs that such notice be disseminated in the manner set forth in the Settlement Agreement under Rule 23.

9. <u>Objection and Opt-Out Deadline</u>. Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection and Opt-Out Deadline of <u>March 31, 2025,</u> both of which are the last day of the Claim Period.

10. <u>Exclusion from Settlement Class</u>. Any Class Member who desires to be excluded from the Settlement Class must give written notice of the election to Opt-Out on or before the Opt-Out Deadline specified in the Preliminary Approval Order,

mailed to the Settlement Administrator. Opt-Out requests must: (i) be personally signed by the Class Member who is requesting exclusion; (ii) include the full name, address, phone number(s), and email(s) of the Class Member requesting exclusion; and (iii) include the following statement: "I/We request to be excluded from the Settlement Class and Settlement in the City of Laurel Action." No Opt-Out request will be valid unless all of the information described above is included. Further, no request for exclusion may be made on behalf of a group of Class Members. So-called "mass" or "class" opt-outs shall not be allowed and shall be deemed invalid.

11. All Class Members who submit a timely, valid request for exclusion will be excluded from the Settlement Class and will not be bound by the terms of the Settlement Agreement or any determinations or judgments concerning the Settlement Agreement. All Class Members who do not submit a valid request for exclusion by  March 31, 2025,  in accordance with the terms set forth in the Agreement and Class Notice will be bound by all determinations and judgments concerning the Agreement.

12. <u>Objections to the Settlement</u>. Any Settlement Class Member may object to the settlement. Settlement Class Members who wish to object to the settlement must make a written statement objecting to the Settlement and serve the Objection by the Objection Deadline on Class Counsel, Defendant's Counsel, and the Settlement Administrator.

13. To be effective, any Objection must contain all the following information: (i) a reference at the beginning to the Action; (ii) the objector's full name, address, telephone number, and email address; (iii) the Objection must state whether it

applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the Objection; (iv) copies of any papers, briefs, or other documents upon which the Objection is based; (v) a list of all persons who will be called to testify in support of the Objection; (vi) a statement of whether the objector intends to appear at the Final Approval Hearing, and, if the objector intends to appear at the Final Approval Hearing through counsel, the Objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing, and all such attorneys representing the objector must enter an appearance concurrently with serving the Objection, whether or not the objector's counsel will appear at the Final Approval Hearing or whether or not admitted in Nevada; (vii) a statement of its membership in the Settlement Class, including all information required by the Claim Form; (viii) a detailed list of any other Objections and any orders pertaining to the prior objections pertaining to the objector or its Counsel submitted or entered in any court, whether state or federal, in the United States in the previous five (5) years, or, if the Settlement Class Member or its counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement.

14. Any Settlement Class Member who fails to timely file and serve a written Objection containing all of the information listed above in the previous paragraphs, including notice of its intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking

any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

15. All Settlement Class Members will be bound by all determinations and judgments in this Action.

16. <u>Submission of Claims</u>. To participate in the Settlement, Class Members must follow the directions in the Settlement Agreement and Class Notice and submit a Valid Claim with the Claims Administrator by the Claim Deadline of April 1, 2025, which is sixty (60) days after the Claim Period commences. Class Members who do not submit a claim and those who do not submit Valid Claims will not receive a cash payment, but they will be bound by the Settlement.

17. "Valid Claim" means a Claim Form submitted by a Class Member that is: (a) submitted in accordance with the directions accompanying the Claim Form and the provisions of the Settlement; (b) accurately, fully, and truthfully completed, and executed by a Class Member, with all of the information requested in the Claim Form; (c) signed by the Class Member personally or by a Person with legal authority to sign for and bind a member of the Settlement Class, subject to the penalty of perjury; (d) returned by the Claim Deadline; and (e) determined to be valid by the Settlement Administrator.

18. The Settlement Administrator shall review all claims to determine their validity and shall employ customary procedures to screen claims for fraud. The Settlement Administrator shall reject Claim Forms that fail to comply with the instructions in the Notice Plan or the terms of the Agreement.

19. **Schedule of Future Events**. The Court adopts the Plaintiff's proposed schedule of events as set forth below:

| Date | Event |
|---|---|
| Deadline for the Settlement Administrator to complete distribution of notice to the Settlement Class (the "Notice Date")[1] | Thirty (30) days after entry of the Preliminary Approval Order |
| Deadline for Plaintiff and Class Counsel to file motion for final approval and motion for attorneys' fees, expenses, and service awards[2] | Fifteen (15) days before the Final Approval Hearing |
| Opt-out and Objection Deadline[3] | The last day of the Claim Period |
| Deadline for Parties to file responses to any objection filed by a Class Member | Seven (7) days before the Final Approval Hearing |
| Deadline for the Settlement Administrator to certify to the Court compliance with the Notice Plan[4] | Twenty-one (21) days before the Final Approval Hearing |
| Claim Deadline[5] | Sixty (60) days after the Claim Period commences |
| Final Approval Hearing[6] | Ninety (90) days after entry of the Preliminary Approval Order, or as soon thereafter as is convenient for the Court |

20. **Final Approval Hearing**. A Final Approval Hearing is scheduled for April 25, 2025 at 1:00pm for the Court to determine whether the proposed settlement of the Action, pursuant to the terms and conditions provided in the Settlement Agreement, is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether to certify the Settlement Class under Federal Rule of Civil Procedure 23; whether the Final Approval Order and Judgment should be entered; to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel; and to determine the amount of any Service

---

[1] *See* Settlement Agreement, Ex. A ¶ 6.5.
[2] *See id.* ¶ 4.10.
[3] *See id.* ¶¶ 10.1.2, 10.2.2.
[4] *See id.* ¶ 6.7.
[5] *See id.* ¶ 2.10.
[6] *See id.* ¶ 4.8.

Award to Plaintiff. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Class Members, and the Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Class.

21. <u>Stay of Proceedings</u>. On September 20, 2024, the Court granted the Parties' joint request to stay all non-settlement proceedings in the Action, pending finalization and execution of a long form settlement agreement. *See* ECF No. 112. All proceedings in this Action are stayed until further ordered by this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against Cintas any action, or proceeding in any court or tribunal asserting any of the Released Claims.

22. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Cintas or the Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Class will be deemed vacated.

23. <u>No Admission of Liability</u>. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding of admission or liability by Cintas. Furthermore, the Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or constructed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Cintas or any Class Member, or the truth of any of the claims in this Action.

24. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over the Action to consider all further matters arising out of, or connected to, the Settlement Agreement and the settlement process as described herein and/or permitted under applicable law.

25. The Court may approve the Settlement with such modifications as may be agreed by the Parties and approved by the Court, if appropriate, without further notice to the class.

IT IS SO ORDERED.

Dated this December 31, 2024.

_____
Honorable Anne R. Traum
United States District Judge