**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**NORTHERN DIVISION**

| | |
|---|---|
| CITY OF LAUREL, MISSISSIPPI, on behalf of itself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>CINTAS CORPORATION NO. 2<br><br>       Defendants. | Case No. 3:21-cv-00124-ART-CLB<br><br>**ORDER GRANTING**<br>**FINAL APPROVAL OF**<br>**CLASS ACTION SETTLEMENT** |

WHEREAS, Plaintiff City of Laurel, Mississippi filed a Complaint and commenced the action entitled *City of Laurel, Mississippi v. Cintas Corporation No. 2*, No. 3:21-cv-00124-ART-CLB (the "Action");

WHEREAS, Plaintiff City of Laurel, Mississippi filed a First Amended Class Action Complaint (ECF No. 36) and subsequently entered into an Agreement with Cintas Corporation No. 2 that, if approved, would settle the Action;

WHEREAS, the Court granted preliminary approval of the Class Action Settlement on December 31, 2024 (ECF No. 115);

WHEREAS, Plaintiff has moved, under to Federal Rule of Civil Procedure 23, for final approval of the Class Action Settlement (the "Motion"); and

WHEREAS, the Court, having considered the Motion, the Agreement together with all exhibits and attachments thereto, the record in the Action, the parties' briefs, and arguments of counsel,

**NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1

1. This Final Approval Order and Judgment ("Order and Judgment") incorporates by reference the definitions in the Settlement Agreement, and unless otherwise indicated, all capitalized terms herein shall and have the same meaning as set forth in the Settlement Agreement.

2. The Court has subject matter jurisdiction over this Action and personal jurisdiction over all Parties and all members of the Settlement Class described below.

## Certification of the Settlement Class

3. Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and solely for the purposes of judgment on the proposed Settlement Agreement, the Court certifies the following Settlement Class:

> any Participating Public Agency, including state and local governments, school boards, institutions of higher education, and non-profit organizations, that entered into Local Agreements with Cintas for products or services that "piggybacked" onto the Harford County Master Agreement or the Prince William County Master Agreement during the Class Period [April 1, 2012 through December 31, 2024, the date that the Court entered the Preliminary Approval Order]

The Settlement Class, which will be bound by this Order and Judgment, shall include all members of the Settlement Class who did not submit a timely and valid request for exclusion.

4. The Court finds that the requirements of Rules 23(a) and (b)(3) are satisfied for the following reasons: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members; (3) Plaintiff's claims are typical of the Settlement Class; (4) Plaintiff and its counsel have and will continue to fairly and adequately

2

protect the interests of the Settlement Class; and (5) a settlement class action is a superior method of fairly and efficiently adjudicating this Action.

## **Final Approval of the Settlement Agreement and Notice Plan**

5.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval under Rule 23(e), as well as other factors relevant to class settlement approval. *See, e.g.*, *Tyus v. Wendy's of Las Vegas, Inc.*, 2021 WL 2169928, at \*5 (D. Nev. May 27, 2021) (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)) ("The factors in a court's fairness assessment will naturally vary from case to case, but courts in the Ninth Circuit generally must weigh the *Churchill* factors."); *Briseño v. Henderson*, 998 F.3d 1014, 1022–24 (9th Cir. 2021) (directing district courts to apply the Rule 23(e) factors in addition to those judicially created).

6.      Having considered the terms of the Settlement and the record before it, including that there were no objections to the Settlement and only nine requests for exclusion, the Court finds that the Class Representative and Class Counsel have adequately represented the interests of the Settlement Class Members; the settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included a settlement conference conducted by Honorable Robert A. McQuaid, Jr.; the Settlement provides meaningful monetary and non-

monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought by Class Counsel; the benefits provided treat Settlement Class Members equitably; and the Settlement is reasonable and appropriate under the circumstances of this Action. The Court further finds that these facts demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

7. As presented by the Parties at the Final Approval Hearing, any remaining balance of the Cash Settlement Amount after payment in full of Valid Claims submitted by Class Members shall be distributed *pro rata* to all Class Members, regardless of whether they submitted claims. This ensures that the Cash Settlement Amount will be distributed for the benefit of the Class and further supports the Court's finding that the Settlement is fair, reasonable, and adequate.

8. The Court finds that the notice program, as set forth in Section 6 of the Settlement Agreement and effectuated pursuant to the Court's December 31, 2024 Preliminary Approval Order (ECF No. 115) satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of (i) the pendency of the Action and of the Settlement, including the terms thereof; (ii) Class Members' rights to object to or exclude themselves from the Settlement Agreement, including the procedure for objecting to or opting out of the Settlement, and to appear at the Final Approval Hearing; (iii) contact information for Class Counsel, the Settlement Administrator, the Settlement Website, and a toll-free number to ask questions about the Settlement; (iv) important dates in the

settlement approval process, including the date of the Final Approval Hearing; (v) Class Counsel's request for an award of reasonable attorneys' fees and expenses; and (vi) the Class Representative's application for a service award.

9. The Court hereby reaffirms its appointment of Angeion Group LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement—including providing notice to the Settlement Class, processing Claim Forms, and administering distributions from the Cash Settlement Amount—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions, and Class Counsel is authorized to reimburse the Settlement Administrator from the Cash Settlement Amount for the reasonable expenses consistent with those terms and provisions.

10. No members of the Settlement Class have objected to the Settlement, and nine members of the Settlement Class have requested exclusion from the Settlement.

11. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

### Dismissal and Final Judgment

12. The Action is hereby dismissed with prejudice, with each party to bear its own costs.

13. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

14. Upon the Effective Date and by operation of this Order and Judgment, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement) against any Released Party based on the Released Claims.

15. Upon the Effective Date and by operation of this Order and Judgment, the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and Releasing Parties.

16. The Parties, without further approval from the Court, are permitted to agree to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents so long as they are consistent in all material respects with this Order and Judgment and do not limit the rights of Settlement Class Members.

17. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Settlement Agreement, or any

6

challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Order and Judgment, or the Settlement Agreement.

18. Neither the Settlement Agreement, the Settlement contained therein, the negotiation thereof, nor any proceeding or document executed pursuant to or in furtherance thereof (i) is or shall be construed as an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claims or defenses, in whole or in part, on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order and Judgment.

19. This Court hereby directs entry of this Order and Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2025.

Honorable Anne R. Traum
United States District Judge