**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
NORTHERN DIVISION**

| | |
|---|---|
| CITY OF LAUREL, MISSISSIPPI, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CINTAS CORPORATION NO. 2<br><br>Defendants. | Case No. 3:21-cv-00124-ART-CLB<br><br>**ORDER GRANTING CLASS COUNSEL FEE AND EXPENSE AWARD AND CLASS REPRESENTATIVE SERVICE AWARD** |

WHEREAS, Plaintiff City of Laurel, Mississippi filed a Complaint and commenced the action entitled *City of Laurel, Mississippi v. Cintas Corporation No. 2*, No. 3:21-cv-00124-ART-CLB (the "Action");

WHEREAS, Plaintiff City of Laurel, Mississippi filed a First Amended Class Action Complaint (ECF No. 36) and subsequently entered into an Agreement with Cintas Corporation No. 2 that, if approved, would settle the Action;

WHEREAS, Plaintiff has moved, under to Federal Rule of Civil Procedure 23, for an order awarding 33% of the common fund in attorneys' fees, reimbursement of $230,211.64 for costs incurred, and a service award of $10,000 to the Class Representative (the "Motion"); and

WHEREAS, the Court, having considered the Motion, the Agreement together with all exhibits and attachments thereto, the record in the Action, the parties' briefs, and arguments of counsel,

**NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. Class Counsel is awarded attorneys' fees of 33% of the $45,000,000 Cash Settlement Amount, or $14,850,000. The Court finds that Class Counsel's requested fee award is fair and reasonable under the common fund doctrine and percentage-of-the-recovery method based upon the following factors: (a) the results obtained by Class Counsel in this case; (b) the risks and complex issues involved in this case; (c) that the attorneys' fees requested were entirely contingent upon success – Class Counsel risked time and effort and advanced costs with no ultimate guarantee of compensation; and (d) that the Class Members have been notified of the requested fees and had an opportunity to inform the Court of any concerns they have with the request. These factors justify an award above the Ninth Circuit's 25% benchmark. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002). As such, the Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

2. Class Counsel is awarded reimbursement of their litigation costs and expenses in the amount of $230,211.64. The Court finds that these costs and expenses were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and nationwide scope of the case.

3. The Class Representative is awarded a service award in the amount of $10,000. The Court has confirmed the reasonableness of Class Counsel's requested service award for Plaintiff the City of Laurel, Mississippi due to its service in bringing the case and facilitating its resolution. The Court finds that the requested service award is fair and reasonable in light of the Class Representative's efforts on behalf of the litigation.

4. The attorneys' fees awarded, reimbursement of litigation costs and expenses, and service award shall be paid from the Cash Settlement Amount.

**IT IS SO ORDERED.**

Dated this <u>29th day of April, 2025</u>.

_____
Honorable Anne R. Traum
United States District Judge